FILED
. COURT

22 OCT 01 PM 4: 40

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Scott A. Hagan (4840)
D. Zachary Wiseman (8316)
RAY, QUINNEY & NEBEKER
79 South Main Street, Suite 400
Salt Lake City, Utah  84145-0395
(801) 532-1500 (tel)
(801) 532-7543 (fax)

ATTORNEY FOR RUSSELL CANNON

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | ) ) ) | **DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. RULE 26(c)(1)** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RUSSELL CANNON, | ) ) | Case No. 1:01:CV-127 |
| Defendant. | ) ) ) ) | Honorable Tena Campbell |

---

Defendant Russell Cannon, by his attorney and pursuant to Rule 26(c)(1) of Federal

Rules of Civil Procedure, respectfully moves this Court for the entry of a protective order that

Merrill Lynch's requested discovery not be had and an order staying this judicial proceeding

pending completion of the parties' mandated arbitration, and hereby states:

    1.    In its October 11, 2001 TRO order, the Court scheduled a preliminary injunction

hearing in this matter for October 24, 2001.



2.    On October 19, 2001, Plaintiff Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") served Defendant's Counsel with expedited discovery, requested depositions and documents for October 23, 2001, including the deposition of Defendant Mr. Cannon.  (While the discovery was dated Friday, October 19, 2001, it was sent to Counsel late at the close of business day on Friday.)

3.    Given Merrill's short notice, Counsel for Defendant will be unavailable for the depositions scheduled for tomorrow.

4.    Not only did Merrill Lynch fail to give proper notice, but its request for expedited discovery one day before the scheduled preliminary injunction hearing is unnecessary and inappropriate given the parties' mandatory arbitration of this dispute before the National Associatio of Securities Dealers, Inc. ("NASD").  Defendant Mr. Cannon has filed a motion with the Court today requesting that the Court compel this dispute to expedited arbitration where it belongs and grant a stay of this judicial proceeding pending completion of arbitration in order to preserve the meaningfulness of the parties' rights and remedies in the arbitration proceeding. See Merrill Lynch v. Dutton, 844 F.2d 726, 728 (10th Cir. 1988).

5.    A panel or arbitrators who have the authority to hear and resolve the parties' claims (including claims for injunctive relief) will be in place no later than tomorrow, October 23, 2001, therefore, there is no need for the Court to proceed with this judicial proceeding.  This is especially so since Mr. Cannon consents to a continuance of the Court's TRO until the arbitrators are empanelled.

6.      Thus, Merrill Lynch's actions are in bad faith and intended to annoy, embarrass,

and harass Defendant, causing him to incur undue burden and expense.[1]

**WHEREFORE**, Defendant Russell Cannon respectfully requests that the Court enter a

protective order pursuant to FED R. CIV. P., Rule 26(c)(1).

DATED this _____ day of October, 2001.

RAY, QUINNEY & NEBEKER

Scott A. Hagen
D/ Zachary Wiseman

Attorneys for Defendant Russell Cannon

---

[1]  By his signature below, Defendant's counsel certifies pursuant to Federal Rule of Civil Procedure 26(c) that Defendant in good faith attempted to confer with Plaintiff's counsel to address the issues discussed in this memorandum.  Defendant's contacted by telephone Plaintiff's counsel and their local counsel on October 22, 2001 in an attempt to resolve this discovery dispute without court intervention, but to no avail.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT'S EMERGENCY**

**MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. RULE 26(c)(1)**

were hand-delivered on October 22, 2001, to the following:

Jonathan O. Hafen
PARR WADDOUPS BROWN GEE & LOVELESS
185 So. State Street, Suite 1300
Salt Lake City, Utah 84147

*Louis Van den akku*