```
                                              FILED
                                                    COURT
Scott A. Hagen (4840)                     22 OCT 01 PM 4:40
D. Zachary Wiseman (8316)
RAY, QUINNEY & NEBEKER                    DISTRICT OF UTAH
79 South Main Street, Suite 400           BY:
Salt Lake City, Utah 84145-0395              DEPUTY CLERK
(801) 532-1500 (tel)
(801) 532-7543 (fax)
```

ATTORNEY FOR RUSSELL CANNON

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | ) <br> ) <br> ) **DEFENDANT'S EMERGENCY** |
| Plaintiff, | ) **MOTION TO COMPEL EXPEDITED** <br> ) **ARBITRATION AND STAY** |
| v. | ) **JUDICIAL PROCEEDINGS PENDING** <br> ) **COMPLETION OF ARBITRATION** <br> ) |
| RUSSELL CANNON, | ) Case No. 1:01:CV-127 <br> ) |
| Defendant. | ) Honorable Tena Campbell <br> ) <br> ) |

Defendant Russell Cannon, by his attorneys and pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§3-4, respectfully moves this Court for an Order: (i) compelling expedited arbitration before the National Association of Securities Dealers, Inc. ("NASD") of any and all claims brought by Merrill Lynch against him in this court action and, concomitantly, requiring Merrill to immediately present the issue of preserving the status quo to the arbitration panel; and (ii) staying all judicial proceedings – including the preliminary



injunction hearing – pending completion of the NASD arbitration. In support of his motion, Defendant states in brief as follows:

1.  On the same day that Merrill Lynch filed this court action, it initiated an expedited arbitration proceeding seeking injunctive relief and damages against Mr. Cannon and his new employer, Salomon Smith Barney Inc. ("Smith Barney") by filing a Statement of Claim with NASD Dispute Resolution, Inc., the dispute resolution subsidiary of the NASD. Merrill was required to initiate the NASD arbitration because arbitration is mandatory here. It is undisputed that, as a member of the NASD, Merrill Lynch is required to arbitrate the claims of this employment-related dispute involving Mr. Cannon, a securities broker registered with the NASD, and Smith Barney, another NASD member firm.

2.  The NASD has notified the parties that the panel of NASD arbitrators selected to hear the parties' claims will be in place as soon as tomorrow, Tuesday, October 23 – *i.e.*, the day prior to the Court's scheduled preliminary injunction hearing.

3.  There is no proper purpose for any additional judicial proceedings. The arbitrators are taking jurisdiction of this dispute, and the FAA and Tenth Circuit precedent therefore mandates suspension of Merrill's proceedings in this Court. See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726 (10th Cir. 1988). See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211 (7th Cir. 1993).

4.  To ensure that there is no "gap" in the "preservation of the status quo" that Merrill claims it needs, Mr. Cannon agrees to an extension of the existing TRO order until the date of the first pre-hearing conference with the arbitrators, which would be the date upon which Merrill

could first present the issue of preserving the status quo to the arbitration panel.[1]  No judicial injunctive relief can properly be granted beyond that date per the FAA and Tenth Circuit precedent.  <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton</u>, 844 F.2d 726 (10th Cir. 1988); <u>See</u> <u>also</u> <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano</u>, 999 F.2d 211 (7th Cir. 1993).

5.  The bases for Defendant's motion are set forth in greater detail in his accompanying memorandum of law

**WHEREFORE,** Defendant Russell Cannon respectfully requests that the Court grant his motion and enter an order (i) compelling expedited arbitration before the NASD of any and all claims brought by Merrill against him in this court action and, concomitantly, requiring Merrill to immediately present the issue of preserving the status quo to the arbitration panel; (ii) staying all judicial proceedings – including the preliminary injunction hearing – pending completion of the NASD arbitration; and (iii) granting such other relief as this Court deems just and appropriate.

DATED this __22__ day of October, 2001.

RAY, QUINNEY & NEBEKER

*/s/ Robert Rice for Scott Hagen*
Scott A. Hagen
D. Zachary Wiseman

Attorneys for Defendant Russell Cannon

---

[1] This is without agreeing to the substance of the TRO because, of course, Mr. Cannon's position has been and remains that no injunctive relief of any nature is appropriate on the facts particular to this case. Mr. Cannon agrees to the limited extension of the existing TRO only for the purpose of serving the complementary goals of concluding these judicial proceedings, facilitating the prompt and expeditious resolution of the dispute in securities-industry arbitration, and avoiding undue litigation delays and expenses.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT'S EMERGENCY MOTION TO COMPEL EXPEDITED ARBITRATION AND STAY JUDICIAL PROCEEDINGS PENDING COMPLETION OF ARBITRATION** were hand-delivered on October 22, 2001, to the following:

Jonathan O. Hafen
PARR WADDOUPS BROWN GEE & LOVELESS
185 So. State Street, Suite 1300
Salt Lake City, Utah 84147


*/s/ Lois Van den Akker*